```
                        United States Bankruptcy Court
                        Middle District of Pennsylvania
In re:                                                         Case No. 19-02809-RNO
Jennifer M Tershak                                             Chapter 13
         Debtor                     CERTIFICATE OF NOTICE
District/off: 0314-5         User: MMchugh               Page 1 of 1              Date Rcvd: Aug 07, 2019
                             Form ID: pdf002             Total Noticed: 15
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 09, 2019.
```
db             +Jennifer M Tershak,    47 Yorktown Road,    Mountain Top, PA 18707-2242
5216779        ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank of America,    PO Box 982234,    El Paso, TX  79998-2234)
5216780         Barbara Macko, Tax Collector,    369 S Mountain Blvd,    Mountain Top, PA  18707-1979
5216781         Chase Bank,    PO Box 15298,    Wilmington, DE  19850-5298
5216782         Citi Simplicity Card,    PO Box 6500,    Sioux Falls, SD  57117-6500
5216778         Doran & Doran PC,    69 Public Sq Ste 700,    Wilkes-Barre, PA  18701-2588
5225333        +JPMorgan Chase Bank, N.A.,   s/b/m/t Chase Bank USA, N.A.,    JPMC,
                 c/o National Bankruptcy Services, LLC,    P.O. Box 9013,    Addison, Texas 75001-9013
5216785         Madeline R. Tershak,    47 Yorktown Rd,    Mountain Top, PA  18707-2242
5216786         PNC Bank,    PO Box 3429,    Pittsburgh, PA  15230-3429
5216787         PNC Bank, N.A,    PO Box 3429,    Pittsburgh, PA  15230-3429
5216788         SoFi Lending Corp,    PO Box 654158,    Dallas, TX  75265-4158
5216777        +Tershak Jennifer M,    47 Yorktown Rd,    Mountain Top, PA  18707-2242
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5216783         E-mail/Text: mrdiscen@discover.com Aug 07 2019 19:41:30     Discover,    PO Box 30943,
                 Salt Lake City, UT  84130
5222553         E-mail/Text: mrdiscen@discover.com Aug 07 2019 19:41:30     Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
5216784        +E-mail/Text: collections@essabank.com Aug 07 2019 19:42:19     ESSA Bank & Trust,
                 744 Main Street,    Stroudsburg, PA 18360-2268
                                                                                              TOTAL: 3

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 09, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 7, 2019 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    PNC BANK NATIONAL   ASSOCIATION bkgroup@kmllawgroup.com
              John H. Doran    on behalf of Debtor 1 Jennifer M Tershak  jdoran@dorananddoran.com,
               mdoran@dorananddoran.com
              Lisa M. Doran    on behalf of Debtor 1 Jennifer M Tershak  ldoran@dorananddoran.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 5
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13

JENNIFER M. TERSHAK : CASE NO. 5-19–bk-02809

        Debtor(s)
: __X__ **ORIGINAL PLAN**
: ____ AMENDED PLAN
:      (indicate 1st, 2nd, 3rd, etc )
: ____ Number of Motions to Avoid Liens
: ____ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ■ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E. which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ■ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

   A. <u>Plan Payments From Future Income</u>

       1. To date, the Debtor paid $__0__ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total

1

Case 5:19-bk-02809-RNO    Doc 25    Filed 08/09/19    Entered 08/10/19 00:37:56    Desc
Imaged Certificate of Notice    Page 2 of 7

base plan is $ _see "Total Payments" in chart below_ plus other payments and property stated in § 1B below:

| Start mm/yy | End Mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 8/2019 | 7/2022 | $ 700.00 | $ 0 | $ 700.00 | $ 25,200.00 |
| 8/2022 | 7/2024 | $ 1,028.00 | $ 0 | $ 1,028.00 | $ 24,672.00 |
| | | | | Total Payments: | $ 49,872.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE: (  ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

   ( X ) Debtor is over median income. Debtor estimates that a minimum of $ 49,859.40 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

   1. The Debtor estimates that the liquidation value of this estate is $ 0. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   Check one of the following two lines:

   __X__  No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

   3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:_____

2. **SECURED CLAIMS**

   A. **Pre-Confirmation Distributions.** *Check one:*

   __X__  None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

2

B. **Mortgages (including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one*

   \_\_\_\_\_ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

   \_\_X\_\_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **PNC BANK** | 47 Yorktown Rd, Mountain Top, PA | 0995 |
| **ESSA BANK & TRUST** | 2016 Nissan Rogue | |

C. **Arrears (including but not limited to, claims secured by Debtor's principal residence).** *Check one.*

   \_\_X\_\_ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

D. **Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc)**

   \_\_\_\_\_ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced*

   \_\_X\_\_ The claims below are secured claims for which a §506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

   1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

   2. In addition to the payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3

3. Unless ordered otherwise, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| BARBARA MACKO, TAX COLLECTOR | 47 Yorktown Rd, Mountain Top, PA | $ 1,119.58 | 9 % | $ 1,166.30 |

E. **Secured claims for which a §506 valuation is applicable.** *Check one*

__X__ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral:** *Check one*

__X__ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens *Check one.*

__X__ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS**

   A. **Administrative Claims**

   1. **Trustee Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. **Attorney fees.** Complete only one of the following options:
      a. In addition to the retainer of $____ already paid by the Debtor, the amount of $____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $285-$300 per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R.. 2016-2(b).

   3. **Other** Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check one of the following two lines:*

      __X__ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

4

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | $ |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines:*

__X__ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

### 4. UNSECURED CLAIMS

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines:

__X__ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

### 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines:*

__X__ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

### 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

__X__ plan confirmation.
_____ entry of discharge.
_____ closing of case.

### 7. DISCHARGE (Check One)

( **X** ) The debtor will seek a discharge pursuant to §1328(a).

(   ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in §1328(f).

5

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority, or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled- in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

*Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit)*

    **A. There are no known arrears on the mortgage with PNC BANK or the vehicle loan with ESSA BANK & TRUST, but if a claim is filed which includes arrears, the arrears will be paid in the plan.**

Dated: 7-9-2019

_____
Attorney for Debtor

_____
Jennifer M. Tershak

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

6